IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,075-01




EX PARTE JARED WILLIAM SMITH, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. A-35,525 IN THE 70TH DISTRICT COURT
FROM ECTOR COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was placed on
deferred adjudication community supervision. Later, he pleaded true to a motion to adjudicate, was
adjudicated guilty, and was convicted of attempted sexual assault and sentenced to five years’
imprisonment. He did not appeal his conviction.
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he did not advise Applicant of an applicable affirmative defense, the consequences of violating
deferred adjudication community supervision, the amount of time Applicant would have to register
as a sex offender, and the costs, fees, and fines included in the conviction. Applicant contends that
counsel’s omissions caused his plea to be involuntary and alleges that he would not have pleaded
guilty had he been fully informed about each of these issues. Applicant also alleges that the trial
court did not admonish him about to the consequences of a violation of his deferred adjudication
community supervision under Article 42.12 § 5 of the Code of Criminal Procedure and that this
rendered his guilty plea involuntary. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant’s trial counsel to respond to Applicant’s claims of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the performance of Applicant’s trial
attorney was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. 
Specifically, the court shall make findings as to dates of birth of the Applicant and complainant and
whether an affirmative defense was possible under Section 22.011(e) of the Penal Code. If so, the
trial court shall make findings as to whether trial counsel discussed the possible affirmative defense
with Applicant and, if not, the findings shall detail trial counsel’s rationale. The trial court shall also
make findings as to whether counsel advised Applicant of the consequences of violating deferred
adjudication community supervision, the duration of Applicant’s obligation to register as a sex
offender, and the fines, costs, and fees associated with this conviction. The trial court shall also make
specific findings as to whether Applicant was admonished in accordance with Article 42.12 § 5 of
the Code of Criminal Procedure. Additionally, the trial court shall make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim
for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, and any
documents relating to any plea agreements made in this cause number shall be returned to this Court
within 120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


Filed: January 12, 2011
Do not publish